UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:13-CV-211-H

ROBERT L. BURBA                                                      PLAINTIFF

v.

THE LOUISVILLE METRO POLICE
DEPARTMENT, *et al.*                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendants, Officers Michael Weathers and Thomas Rosel (collectively "Defendants"), have moved to dismiss this case on the grounds that Plaintiff's guilty plea to related criminal charges and the limited nature of his own physical injuries precludes a successful result here. Plaintiff has not responded. For the reasons that follow, this Court agrees.

I.

On May 4, 2012, Plaintiff was a prisoner at the Jefferson County jail. He was brought to the Third Division for Mid-Witch to transport for day work. En route to Third Division, the vehicle in which Plaintiff was being driven was involved in an accident. Complaining of back pain, Plaintiff was taken to Southwest Hospital via EMS 135 for a medical assessment. Approximately two hours after arrival, Plaintiff escaped from police supervision. Police were dispatched to the scene to assist with efforts to locate him.

Defendants Weathers and Rosel searched the area surrounding the hospital without success. They then visited the residence of Plaintiff's parents, who directed them to Rockford Liquors, a bar Plaintiff is known to frequent, located at 2700 Rockford Lane. Upon entering the bar, Defendants were told that Plaintiff was hiding in the beer cooler. When approached, Plaintiff resisted efforts to take him into custody. Following a struggle, in which Defendant Weathers

was injured, Plaintiff was finally taken under control and returned to custody. Defendant Weathers sustained bruising and abrasions to his lower left leg area.

Plaintiff was charged with Assault in the Third Degree as a result of the incident in dispute. On June 12, 2012, Plaintiff plead guilty to Assault in the Third Degree on charges related to the incident. On August 20, 2012, he was sentenced to a total of three years imprisonment.

Thereafter, Plaintiff filed this lawsuit. This Court conducted an initial review of the complaint. Following initial review of the complaint, this Court dismissed numerous claims, but allowed the Fourth Amendment claim against Defendants in their individual capacities to proceed, as well as the Fourth and Fourteenth Amendment claims as to the Unknown Officer in his individual capacity.

## II.

A complaint should be dismissed for failing to state a claim for which relief can be granted when it appears beyond doubt the complaint sets forth no set of facts, which if proved, would entitle the plaintiff to relief. Federal Rule of Civil Procedure 12(b)(6). In deciding whether to dismiss a complaint for failing to state a claim for which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Ley v. Visteon Corp*., 540 F.3d 376, 380 (6th Cir. 2008); *Lillard* v. *Shelby County Bd. of Educ*., 76 F.3d 716, 724 (6th Cir.1996)

Defendants have attached several public records pertaining to Plaintiff's criminal charges. In ruling on a motion to dismiss for failing to state a claim for which relief may be

granted, the court "may consider materials in addition to the complaint if such materials are *public records* or are otherwise appropriate for the taking of judicial notice." *New England Health Care Employees Pension Fund v. Ernst & Young LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (emphasis added).

## III.

Plaintiff has alleged that Defendants used excessive force when taking him back into custody. However, Plaintiff was convicted of the charges stemming from this incident. As a result of that conviction, he is barred from bringing this §1983 claim of excessive force against Defendants. In *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), the Supreme Court held:

> "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983."

The charge to which Plaintiff entered a plea of guilty was Assault in the Third Degree. Pursuant to KRS 508.025(1)(a)(1), "[a] person is guilty of assault in the third degree when the actor "[r]ecklessly, with a deadly weapon or dangerous instrument, or intentionally causes or attempts to cause physical injury to [a] state, county, city, or federal police officer . . .".

The Sixth Circuit has considered the circumstances under which *Heck* may apply to an excessive force claim where the plaintiff has been convicted of a related crime. *Schreiber v. Moe*, 596 F.3d 323 (6th Cir. 2010) (involving a resisting arrest conviction). There are two circumstances in which such a claim might conflict with a conviction: (1) where the criminal provision makes lack of excessive force an element of a crime and (2) where excessive force is

3

an affirmative defense to the crime. *Id.* at 334.

Here, the Third Degree Assault claim would seem to be a clear affirmative defense to the rather general assertions of force made here. To find that Defendants used excessive force based on the allegations and injuries asserted here would suggest the invalidity of the criminal conviction.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion to dismiss is SUSTAINED and the remaining Defendants are DISMISSED WITH PREJUDICE.

This is a final order.

cc: Robert L. Burba, *Pro Se*
      Counsel of Record